**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
DAVID DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Nawwar Alo, individually; and Haifaa Ibrahim, individually, and as husband and wife

Plaintiffs,

vs.

The Sanctuary of Scottsdale, LLC, an Arizona limited liability company; All Assisted Living, LLC, an Arizona limited liability company; Louis Cohen, individually, and Jane Doe Cohen, individually, and as husband and wife; Michael Debenon, individually, and Jane Doe Debenon, individually, and as husband and wife; Carmine Freda, individually, and Jane Doe Freda,individually and as husband and wife; Ciprian Ionutescu, individually, and Jane Doe Ionutescu, individually and as husband and wife; Sherri Lopez, individually, and John Doe Lopez, individually and as husband and wife; Michael Lu, individually, and Jane Doe Lu, individually and as husband and wife,

Defendants

Case No.: ___________________________

**COMPLAINT**

Plaintiffs Nawwar Alo and Haifaa Ibrahim, for their Complaint against Defendants, allege as follows:

**NATURE OF THE CASE**

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiffs bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiffs seek to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

6. Plaintiffs also bring this action against Defendants for unlawful failure to pay failure to pay minimum wage in direct violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.* and Arizona Minimum Wage Act, A.R.S. § 23-362, *et seq.*

7. Arizona law protects employees from employers seeking to pay less than minimum wage.

8. Under Arizona law, employers are required to pay minimum wages, currently set by the State at a rate of $8.05 per hour.

9. An employer who fails to properly pay minimum wages to an employee is liable to the employee in the amount of the wages owed, interest on the unpaid wages, and as damages "an additional amount equal to twice the underpaid wages." A.R.S. § 23-364(G).

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

11. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

12. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or

representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

13. At all times material hereto, Plaintiffs were residents of Maricopa County, Arizona.

14. At all times material hereto, The Sanctuary of Scottsdale, LLC was incorporated in the State of Arizona with its principal place of business in Maricopa County, Arizona.

15. At all times material hereto, All Assisted Living, LLC was incorporated in the State of Arizona with its principal place of business in Maricopa County, Arizona.

16. Upon information and belief, at all times material hereto, Defendants Louis and Jane Doe Cohen, were and continue to be residents of Maricopa County, Arizona.

17. Jane Doe Cohen is Louis Cohen's wife. Louis and Jane Doe Cohen have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

18. Upon information and belief, and consistent with the information available from the Arizona Corporate Commission, Defendants Louis and Jane Doe Cohen were the owners of the Sanctuary of Scottsdale, LLC.

19. Upon information and belief, at all times material hereto, Defendants Michael and Jane Doe Debenon, were and continue to be residents of Maricopa County,

Arizona.

20.     Jane Doe Debenon is Michael Debenon's wife. Michael and Jane Doe Debenon have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

21.     Upon information and belief, and consistent with the information available from the Arizona Corporate Commission, Defendants Michael and Jane Doe Debenon were the owners of the Sanctuary of Scottsdale, LLC and All Assisted Living, LLC.

22.     Upon information and belief, at all times material hereto, Defendants Carmine and Jane Doe Freda, were and continue to be residents of Maricopa County, Arizona.

23.     Jane Doe Freda is Carmine Freda's wife. Carmine and Jane Doe Freda have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

24.     Upon information and belief, and consistent with information available from the Arizona Corporate Commission, Defendants Carmine and Jane Doe Freda were the owners of All Assisted Living, LLC.

25.     Upon information and belief, at all times material hereto, Defendants Ciprian and Jane Doe Ionutescu, were and continue to be residents of Maricopa County, Arizona.

26.     Jane Doe Ionutescu is Ciprian Ionutescu's wife. Ciprian and Jane Doe Ionutescu have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

27.     Upon information and belief, and consistent with information available from the Arizona Corporate Commission, Defendants Ciprian and Jane Doe Ionutescu were the owners of All Assisted Living, LLC.

28.     Upon information and belief, at all times material hereto, Defendants Sherri and John Doe Lopez, were and continue to be residents of Maricopa County, Arizona.

29.     John Doe Lopez is Sherri Lopez's husband. Sherri and John Doe Lopez have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

30.     Upon information and belief, Defendants Sheri and John Doe Lopez were the owners of the Sanctuary of Scottsdale, LLC.

31.     Upon information and belief, at all times material hereto, Defendants Michael and Jane Doe Lu, were and continue to be residents of Maricopa County, Arizona.

32.     Jane Doe Lu is Michael Lu's wife. Michael and Jane Doe Lu have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

33.     Upon information and belief, Defendants Michael and Jane Doe Lue were the owners of the Sanctuary of Scottsdale, LLC.

34.   Defendants the Sanctuary of Scottsdale, LLC, and All Assisted Living, LLC, each could hire or fire caregivers.

35.   Defendants the Sanctuary of Scottsdale, LLC, and All Assisted Living, LLC, each had authority to set the wages of caregivers.

36.    Defendants the Sanctuary of Scottsdale, LLC, and All Assisted Living, LLC, each had the authority to control the manner in which caregivers performed their work, including instructing caregivers when and where to report to work.

37.    Defendants the Sanctuary of Scottsdale, LLC, and All Assisted Living, LLC, each had control over caregiver's working conditions.

38.    Defendants the Sanctuary of Scottsdale, LLC, and All Assisted Living, LLC, each suffered and permitted Plaintiffs to work.

39.    Defendants the Sanctuary of Scottsdale, LLC, and All Assisted Living, LLC, each engaged Plaintiffs to perform the work of a caregiver.

40.    Plaintiffs were always under the understanding that they worked for Defendants as a whole, not any single entity. Defendants are joint employers of Plaintiffs under the FLSA and for purposes of this complaint Sanctuary of Scottsdale, LLC, and All Assisted Living, LLC shall be called "Defendants" collectively.

41.    At all relevant times, Plaintiffs were "employees" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

42.    At all relevant times, Plaintiffs were "employees" of Defendants, as defined by A.R.S. §§ 23-350 or 23-362(A) (Version 2).

43.    The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

44.    At all relevant times, each of the Defendants was and continues to be an "employer."

45.    Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

46.    Each Defendant is an "employer" as defined in A.R.S. §§ 23-350 or 23-362(B) (Version 2).

47.  Defendant Louis Cohen is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

48.  Defendant Louis Cohen  is deemed an "employer" for purposes of the Arizona Minimum Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B) (Version 2).

49.  Defendant Jane Doe Cohen is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C §216.

50.  Defendant Jane Doe Cohen is deemed an "employer" for purposes of the Arizona Minimum Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B)(Version 2).

51.  Defendant Michael Debenon is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

52.  Defendant Michael Debenon is deemed an "employer" for purposes of the Arizona Minimum Wage Laws, including, without limitation, A.R.S §§ 23-350 or 23-362(B)(Version 2).

53.  Defendant Jane Doe Debenon is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C § 216.

54.  Defendant Jane Doe Debenon is deemed an "employer" for purposes of the Arizona Minimum Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B)(Version 2).

55.  Defendant Carmine Freda is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. § 216.

56.  Defendant Carmine Freda is deemed an "employer" for purposes of the Arizona Minimum Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B)(Version 2).

57.  Defendant Jane Doe Freda is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. § 216.

58.  Defendant Jane Doe Freda is deemed an "employer" for purposes of the Arizona Minimum Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B)(Version 2).

59.  Defendant Ciprian Ionutescu is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. § 216.

60.  Defendant Ciprian Ionutescu is deemed an "employer" for purposes of the Arizona Minimum Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B)(Version 2).

61.  Defendant Jane Doe Ionutescu is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. § 216.

62.  Defendant Jane Doe Ionutescu is deemed an "employer" for purposes of the Arizona Minimum Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B)(Version 2).

63.  Defendant Sherri Lopez is deemed an "employer" for purposes of the FLA, including, without limitation, 29 U.S.C. § 216.

64. Defendant Sherri Lopez is deemed an "employer" for purposes of the Arizona Minimum Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B)(Version 2).

65. Defendant John Doe Lopez is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. § 216.

66. Defendant John Doe Lopez  is deemed an "employer" for purposes of the Arizona Minimum Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B)(Version 2).

67. Defendant Michael Lu is deemed an employer for purposes of the FLSA, including, without limitation, 29 U.S.C. § 216.

68. Defendant Michael Lu is deemed an employer for purposes of the Arizona Minimum Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B)(Version 2).

69. Defendant Jane Doe Lu is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

70. Defendant Jane Doe Lue is deemed an "employer" for purposes of the Arizona Minimum Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B)(Version 2).

71. All Defendants are co-equally liable for all matters.

72. Defendant Louis Cohen made all decisions on the daily activities of his employees and is therefore individually liable under the FLSA and the Arizona Minimum Wage Laws.

73. Defendant Jane Doe Cohen made all decisions on the daily activities of her employees and is therefore individually liable under the FLSA and the Arizona Minimum Wage Laws.

74. Defendant Michael Debenon made all decisions on the daily activities of his employees and is therefore individually liable under the FLSA and the Arizona Minimum Wage Laws.

75. Defendant Jane Doe Debenon made all decisions on the daily activities of her employees and is therefore individually liable under the FLSA and the Arizona Minimum Wage Laws.

76. Defendant Carmine Freda made all decisions on the daily activities of his employees and is therefore individually liable under the FLSA and the Arizona Minimum Wage Laws.

77. Defendant Jane Doe Freda made all decisions on the daily activities of her employees and is therefore individually liable under the FLSA and the Arizona Minimum Wage Laws.

78. Defendant Ciprian Ionutescu made all decisions on the daily activities of his employees and is therefore individually liable under the FLSA and the Arizona Minimum Wage Laws.

79. Defendant Jane Doe Ionutescu made all decisions on the daily activities of her employees and is therefore individually liable under the FLSA and the Arizona Minimum Wage Laws.

80.   Defendant Sherri Lopez made all decisions on the daily activities of her employees and is therefore individually liable under the FLSA and the Arizona Minimum Wage Laws.

81.   Defendant John Doe Lopez made all decisions on the daily activities of his employees and is therefore individually liable under the FLSA and the Arizona Minimum Wage Laws.

82.   Defendant Michael Lu made all decisions on the daily activities of his employees and is therefore individually liable under the FLSA and the Arizona Minimum Wage Laws.

83.   Defendant Jane Doe Lu made all decisions on the daily activities of her employees and is therefore individually liable under the FLSA and the Arizona Minimum Wage Laws.

84.   Defendant Louis Cohen makes all decisions regarding pay policies for the Sanctuary of Scottsdale, LLC.

85.   Defendant Jane Doe Cohen makes all decisions regarding pay policies for the Sanctuary of Scottsdale, LLC.

86.   Defendant Michael Debenon makes all decisions regarding pay policies for the Sanctuary of Scottsdale, LLC and All Assisted Living, LLC.

87.   Defendant Jane Doe Debenon makes all decisions regarding pay policies for the Sanctuary of Scottsdale, LLC and All Assisted Living, LLC.

88.   Defendant Carmine Freda makes all decisions regarding pay policies for All Assisted Living, LLC.

89.   Defendant Jane Doe Freda makes all decisions regarding pay policies for All Assisted Living, LLC.

90.   Defendant Ciprian Ionutescu makes all decisions regarding pay policies for All Assisted Living, LLC.

91.   Defendant Jane Doe Ionutescu makes all decisions regarding pay policies for All Assisted Living, LLC.

92.   Defendant Sherri Lopez makes all decisions regarding pay policies for All Assisted Living, LLC.

93.   Defendant John Doe Lopez makes all decisions regarding pay policies for All Assisted Living, LLC.

94.   Defendant Michael Lu makes all decisions regarding pay policies for All Assisted Living, LLC.

95.   Defendant Jane Doe Lu makes all decisions regarding pay policies for All Assisted Living, LLC.

96.   Defendant Louis Cohen exerted financial control over the Sanctuary of Scottsdale, LLC.

97.   Defendant Jane Doe Cohen exerted financial control over the Sanctuary of Scottsdale, LLC.

98.   Defendant Michael Debenon exerted financial control over the Sanctuary of Scottsdale, LLC and All Assisted Living, LLC.

99.   Defendant Jane Doe Debenon exerted financial control over the Sanctuary of Scottsdale, LLC, and All Assisted Living, LLC.

100. Defendant Carmine Freda exerted financial control over All Assisted Living, LLC.

101. Defendant Jane Doe Freda exerted financial control over All Assisted Living, LLC.

102. Defendant Ciprian Ionutescu exerted financial control over All Assisted Living, LLC.

103. Defendant Jane Doe Ionutescu exerted financial control over All Assisted Living, LLC.

104. Defendant Sherri Lopez exerted financial control over All Assisted Living, LLC.

105. Defendant John Doe Lopez exerted financial control over All Assisted Living, LLC.

106. Defendant Michael Lu exerted financial control over All Assisted Living, LLC.

107. Defendant Jane Doe Lu exerted financial control over All Assisted Living, LLC.

108. Defendant Louis Cohen exerted operational control over the Sanctuary of Scottsdale, LLC.

109. Defendant Jane Doe Cohen exerted operational control over the Sanctuary of Scottsdale, LLC.

110. Defendant Michael Debenon exerted operational control over the Sanctuary of Scottsdale, LLC and All Assisted Living, LLC.

111.  Defendant Jane Doe Debenon exerted operational control over the Sanctuary of Scottsdale, LLC, and All Assisted Living, LLC.

112.  Defendant Carmine Freda exerted operational control over All Assisted Living, LLC.

113.  Defendant Jane Doe Freda exerted operational control over All Assisted Living, LLC.

114.  Defendant Ciprian Ionutescu exerted operational control over All Assisted Living, LLC.

115.  Defendant Jane Doe Ionutescu exerted operational control over All Assisted Living, LLC.

116.  Defendant Sherri Lopez exerted operational control over All Assisted Living, LLC.

117.  Defendant John Doe Lopez exerted operational control over All Assisted Living, LLC.

118.  Defendant Michael Lu exerted operational control over All Assisted Living, LLC.

119.  Defendant Jane Doe Lu exerted operational control over All Assisted Living, LLC.

120.  Defendant Louis Cohen has the power to close the Sanctuary of Scottsdale, LLC.

121.  Defendant Jane Doe Cohen has the power to close the Sanctuary of Scottsdale, LLC.

122. Defendant Michael Debenon has the power to close the Sanctuary of Scottsdale, LLC and All Assisted Living, LLC.

123. Defendant Jane Doe Debenon has the power to close the Sanctuary of Scottsdale, LLC, and All Assisted Living, LLC.

124. Defendant Carmine Freda has the power to close All Assisted Living, LLC.

125. Defendant Jane Doe Freda has the power to All Assisted Living, LLC.

126. Defendant Ciprian Ionutescu has the power to close All Assisted Living, LLC.

127. Defendant Jane Doe Ionutescu has the power to close All Assisted Living, LLC.

128. Defendant Sherri Lopez has the power to close All Assisted Living, LLC.

129. Defendant John Doe Lopez has the power to close All Assisted Living, LLC.

130. Defendant Michael Lu has the power to close All Assisted Living, LLC.

131. Defendant Jane Doe Lu has the power to close All Assisted Living, LLC.

132. Defendant Louis Cohen has the power to hire and fire employees.

133. Defendant Jane Doe Cohen has the power to hire and fire employees.

134. Defendant Michael Debenon has the power to hire and fire employees.

135. Defendant Jane Doe Debenon has the power to hire and fire employees.

136. Defendant Carmine Freda has the power to hire and fire employees.

137. Defendant Jane Doe Freda has the power to hire and fire employees.

138. Defendant Ciprian Ionutescu has the power to hire and fire employees.

139. Defendant Jane Doe Ionutescu has the power to hire and fire employees.

140. Defendant Sherri Lopez has the power to hire and fire employees.

141. Defendant John Doe Lopez has the power to hire and fire employees.

142. Defendant Michael Lu has the power to hire and fire employees.

143. Defendant Jane Doe Lu has the power to hire and fire employees.

144. Defendant Louis Cohen hired managerial employees.

145. Defendant Jane Doe Cohen hired managerial employees.

146. Defendant Michael Debenon hired managerial employees.

147. Defendant Jane Doe Debenon hired managerial employees.

148. Defendant Carmine Freda hired managerial employees.

149. Defendant Jane Doe Freda hired managerial employees.

150. Defendant Ciprian Ionutescu hired managerial employees.

151. Defendant Jane Doe Ionutescu hired managerial employees.

152. Defendant Sherri Lopez hired managerial employees.

153. Defendant John Doe Lopez hired managerial employees.

154. Defendant Michael Lu hired managerial employees.

155. Defendant Jane Doe Lu hired managerial employees.

156. Upon information and belief, Defendant Louis Cohen maintained employment records.

157. Upon information and belief, Defendant Jane Doe Cohen maintained employment records.

158. Upon information and belief, Defendant Michael Debenon maintained employment records.

159. Upon information and belief, Defendant Jane Doe Debenon maintained employment records.

160. Upon information and belief, Defendant Carmine Freda maintained employment records.

161. Upon information and belief, Defendant Jane Doe Freda maintained employment records.

162. Upon information and belief, Defendant Ciprian Ionutescu maintained employment records.

163. Upon information and belief, Defendant Jane Doe Ionutescu maintained employment records.

164. Upon information and belief, Defendant Sherri Lopez maintained employment records.

165. Upon information and belief, Defendant John Doe Lopez maintained employment records.

166. Upon information and belief, Defendant Michael Lu maintained employment records.

167. Upon information and belief, Defendant Jane Doe Lu dictated the corporate message in pending labor investigations.

168. Upon information and belief, Defendant Louis Cohen dictated the corporate message in pending labor investigations.

169. Upon information and belief, Defendant Jane Doe Cohen dictated the corporate message in pending labor investigations.

170. Upon information and belief, Defendant Michael Debenon dictated the corporate message in pending labor investigations.

171. Upon information and belief, Defendant Jane Doe Debenon dictated the corporate message in pending labor investigations.

172. Upon information and belief, Defendant Carmine Freda dictated the corporate message in pending labor investigations.

173. Upon information and belief, Defendant Jane Doe Freda dictated the corporate message in pending labor investigations.

174. Upon information and belief, Defendant Ciprian Ionutescu dictated the corporate message in pending labor investigations.

175. Upon information and belief, Defendant Jane Doe Ionutescu dictated the corporate message in pending labor investigations.

176. Upon information and belief, Defendant Sherri Lopez dictated the corporate message in pending labor investigations.

177. Upon information and belief, Defendant John Doe Lopez dictated the corporate message in pending labor investigations.

178. Upon information and belief, Defendant Michael Lu dictated the corporate message in pending labor investigations.

179. Upon information and belief, Defendant Jane Doe Lu dictated the corporate message in pending labor investigations.

180. Defendant Louis Cohen profited from the FLSA and Arizona Minimum Wage violations detailed in this complaint.

181. Defendant Jane Doe Cohen profited from the FLSA and Arizona Minimum Wage violations detailed in this complaint.

182. Defendant Michael Debenon profited from the FLSA and Arizona Minimum Wage violations detailed in this complaint.

183. Defendant Jane Doe Debenon profited from the FLSA and Arizona Minimum Wage violations detailed in this complaint.

184. Defendant Carmine Freda profited from the FLSA and Arizona Minimum Wage violations detailed in this complaint.

185. Defendant Jane Doe Freda profited from the FLSA and Arizona Minimum Wage violations detailed in this complaint.

186. Defendant Ciprian Ionutescu profited from the FLSA and Arizona Minimum Wage violations detailed in this complaint.

187. Defendant Jane Doe Ionutescu profited from the FLSA and Arizona Minimum Wage violations detailed in this complaint.

188. Defendant Sherri Lopez profited from the FLSA and Arizona Minimum Wage violations detailed in this complaint.

189. Defendant John Doe Lopez profited from the FLSA and Arizona Minimum Wage violations detailed in this complaint.

190. Defendant Michael Lu profited from the FLSA and Arizona Minimum Wage violations detailed in this complaint.

191. Defendant Jane Doe Lu profited from the FLSA and Arizona Minimum Wage violations detailed in this complaint.

192. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

193. Plaintiffs engaged in commerce or in the production of goods for commerce and are therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

194. Plaintiffs handled supplies, such as medicine, that originated out of state.

195. Plaintiffs were involved in transacting business across state lines via interstate telephone calls or the U. S. Mail which included taking new orders from customers.

196. Plaintiffs were involved in ordering or receiving goods from out-of-state suppliers.

197. Plaintiffs were involved in handling the accounting or bookkeeping for the ordering or receiving of goods from out-of-state suppliers.

198. Plaintiffs also handled credit card and check transactions that involved the interstate banking and finance systems.

199. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

**FACTUAL BACKGROUND**

200. Defendants operate an assisted care facilities in Phoenix and Tempe, Arizona.

201. Defendants hired Plaintiff Nawwar Alo on March 15, 2014 as a caregiver.

202. Defendants hired Plaintiff Haifaa Ibrahim on March 1, 2014, as a caregiver.

203. As caregivers, Plaintiffs responsibilities included medication administration, medication refills, patient care, patient file review, accompanying patients to doctor visits, cooking, cleaning, changing, dressing, and bathing of patients, and assisting patients with personal hygiene.

204. Defendants compensated Plaintiffs on a total monthly salary basis of $6,000 per month.

205. Plaintiffs' pay did not fluctuate, it was a base salary.

206. Defendants withheld taxes out of Plaintiff's paycheck pursuant to IRS regulations.

207. Plaintiffs were non-exempt employee.

208. Each Plaintiff had no supervision or management responsibilities.

209. Each Plaintiff could neither hire nor fire employees.

210. Each Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out her job responsibilities.

211. Defendants managed, supervised, and directed all aspects of each Plaintiff's job duties and responsibilities.

212. Each Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of the Defendants, or their customers.

213. Each Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

214. Each Plaintiff did not perform work requiring advanced knowledge.

215. Each Plaintiff did not perform work in a field of science or learning.

216. Each Plaintiff did not have an advanced degree and was not required to have one to perform the work.

217. The knowledge required to perform the each Plaintiff's job responsibilities is not acquired by a prolonged course of specialized intellectual study.

218. Each Plaintiff's work did not require consistent exercise of discretion and judgment.

219. Each Plaintiff's work did not require them to analyze, interpret, or make deductions from varying facts or circumstances.

220. Each Plaintiff's duties were carried out in a mechanical and routine manner and he had no authority to make independent decisions in performing those duties.

221. Each Plaintiff's work did not require invention, imagination, originality, or talent.

222. Each Plaintiff's work did not require creative or original analysis and interpretation.

223. Each Plaintiff's regular schedule was five days per week, 24 hours each day.

224. Plaintiffs were mandated to stay at the facility 24 hours each day so that the facility always had two caregivers on site pursuant to Arizona law.

225. Plaintiffs did not have down time during their 24 hour shifts; they were mandated to care for every need of the patients.

226. Plaintiffs did not receive five hours of uninterrupted sleep each night. Plaintiffs were awoken at all times of the night by patients to ensure their safety and well-being.

227. Plaintiffs were required to administer medication at all times of the night.

228. Since many of the patients at the facility had Alzheimer's or dementia, Plaintiffs were not able to receive five hours of uninterrupted sleep since these patients required around the clock care.

229. During the five days per week Plaintiffs were working, they were not allowed to leave the facility for any reason.

230. Each and every week that Plaintiffs have worked their regular schedule, they have worked over forty hours in a week.

231. By improperly classifying Plaintiffs as exempt employees, Defendants are depriving Plaintiffs upwards of sixty to one hundred hours of overtime pay each and every week.

232. Defendants did not pay Plaintiffs overtime.

233. Plaintiffs were not commissioned employees.

234. As Plaintiffs worked upwards of approximately 120 hours each week and received approximately $750 in pay each week, the wages paid by Defendants failed to meet or exceed the minimum wage required by the FLSA.

235. As Plaintiffs worked upwards of approximately 120 hours each week and received approximately $750 in pay each week, the wages paid by Defendants failed to meet or exceed the minimum wage required by the Arizona's Minimum Wage Act, A.R.S. § 23-362, *et seq*.

236. Plaintiffs have retained the law firm of Phillips Dayes National Employment Law Firm to prosecute their claims against Defendants on their behalf and have agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**MINIMUM WAGE VIOLATION—29 U.S.C. § 206**

237. Each of the Plaintiffs incorporates and adopts the preceding paragraphs as if fully set forth herein.

238. Pursuant to 29 U.S.C. § 206, Defendants were required to pay each of the Plaintiffs at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiffs worked.

239. Defendants willfully failed and refused to pay each of the Plaintiffs at least the amount of the federal minimum wage when those wages were due.

240. Each of the Plaintiffs are entitled to collect the difference between the wages they received and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

241. Each of the Plaintiffs have been required to bring this action to recover their federal minimum wages remaining due and unpaid, and their statutory liquidated

damages, and as the direct and foreseeable result of Defendants' conduct, each of the Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants:

a. Awarding each of the Plaintiffs compensation in the amount due for unpaid minimum wages in an amount proved at trial;

b. Awarding each of the Plaintiffs liquidated damages in an amount equal to the award;

c. Awarding each of the Plaintiffs reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding each of the Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding each of the Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

**COUNT TWO**

**MINIMUM WAGE VIOLATION—A.R.S §§ 23-363, -364**

242. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

243. Pursuant to A.R.S. § 23-363, Defendants were required to pay at least the amount of the Arizona minimum wage, when those wages were due, for each hour Plaintiffs worked.

244. Defendants willfully failed and refused to pay Plaintiffs at least the amount of the Arizona minimum wage when those wages were due.

245. Plaintiffs are entitled to collect the difference between the wages they received and the wages due, over the past two years, in an amount to be proved at trial, together with an additional amount equal to twice the underpaid wages, plus, without limitation, interest, costs, and attorney fees pursuant to A.R.S. § 23-364(G).

246. Plaintiffs have been required to bring this action to recover her Arizona minimum wages remaining due and unpaid, and her statutory damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiffs has incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor, and against Defendants:

a. Awarding Plaintiffs compensation in the amount due for unpaid minimum wages in an amount to be proved at trial;

b. Awarding Plaintiffs an additional amount equal to twice the underpaid wages;

c. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of litigation pursuant to A.R.S. § 23-364(G);

     d. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

**COUNT THREE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

247. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

248. While employed by Defendants, Plaintiffs regularly worked multiple hours of overtime per week.

249. Plaintiffs were non-exempt employees.

250. Defendants have intentionally and willfully failed and refused to pay Plaintiffs overtime according to the provisions of the FLSA.

251. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with 29 U.S.C. § 207.

252. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

253. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiffs for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

254. In addition to the amount of unpaid wages owed to each Plaintiff, each Plaintiff is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

255. On information and belief, Defendants' conduct in failing to properly compensate Plaintiffs, in violation of the FLSA, was willful.

256. Defendants have not made a good faith effort to comply with the FLSA. Plaintiffs have been required to bring this action to recover their overtime compensation, and their statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

   a.  Awarding Plaintiffs overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times each Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

   b.  Awarding each Plaintiff liquidated damages in an amount equal to the overtime award;

   c.  Awarding each Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  Awarding each Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e.  Awarding each Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f.  For such other and further relief as the Court deems just and proper.

**COUNT FOUR**
**DECLARATORY JUDGMENT**

257.  Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

258.  Plaintiffs and Defendants have an overtime compensation dispute pending.

259.  The Court has jurisdiction to hear each Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

260.  Plaintiffs are entitled to declarations, and request that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

a.  Defendants employed each Plaintiff.

b.  Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

c.  Each Plaintiff individually is covered by the overtime provisions of the FLSA.

d.  Each Plaintiff was not an exempt employee pursuant to the FLSA.

e.  Defendants failed and refused to make payments of overtime compensation to each Plaintiff, in violation of the provisions of the FLSA.

f.  Defendants' failures to pay overtime compensation to each Plaintiff were willful.

g.  Each Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times each Plaintiff's regular rate of pay.

h.  Each Plaintiff is entitled to an equal amount as liquidated damages.

i.  Each Plaintiff is entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

261. It is in the public interest to have these declarations of rights recorded as each Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

262. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered int heir favor against Defendants:

a.  Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

c. For such other and further relief as the Court deems just and proper

Dated: February 2, 2016

Respectfully submitted,

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

By: /s/ Trey Dayes
Trey Dayes
Sean Davis
Attorney for Plaintiffs