IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nawwar Alo, et al.,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>The Sanctuary of Scottsdale, LLC, et al.,<br><br>　　　　　Defendants. | No.  CV-16-00300-PHX-SPL<br><br>**ORDER** |

On February 2, 2016, Plaintiffs Nawwar Alo and Haifaa Ibrahim commenced the instant action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. against Defendants Sanctuary of Scottsdale, LLC, Michael and Jane Doe Debenon, All Assisted Living LLC, Cipriano and Jane Doe Ionutescu, Louis and Jane Doe Cohen, Carmine and Jane Doe Freda, Sherri and Jane Doe Lopez, and Michael and Jane Doe Lu. (Doc. 1.)

For the following reasons, this action will be dismissed for failure to prosecute and comply with the Court's Orders.

**I.　　Background**

　　**A.　　Sanctuary of Scottsdale, LLC and Debenon**

In March 2016, Plaintiffs filed proof of service declaring that service on Defendants Sanctuary of Scottsdale, LLC, Michael Debenon, and Jane Doe Debenon had been effected. (Docs. 6-8.) No timely answers were filed, and the Court issued orders calling Plaintiffs to show cause as to why these parties should not be dismissed for failure to prosecute. (Docs. 11, 24.) In response, Plaintiffs moved for entry of default pursuant to

Rule 55(a) of the Federal Rules of Civil Procedure. Following entry of default by the Clerk of Court however, they took no further action against these defendants. The Court then again ordered Plaintiffs to show cause for failure to prosecute. (Doc. 36.) Instead of moving for default judgment, in May 2016, counsel responded by advising the Court that his clients were traveling outside of the country until June 2016, and would be "unable to assist in aiding their counsel in preparing the necessary filings to move the Court for default judgment" at that time. (Doc. 37.) To date, Plaintiffs have not moved for default judgment or taken any other action against these defendants.

### B. All Assisted Living, LLC and Ionutescu

In response to a separate order issued in April 2016, Plaintiffs informed the Court that service had also been accomplished in March 2016 on Defendants All Assisted Living, LLC, Cipriano Ionutescu, and Jane Doe Ionutescu. (Docs. 21, 23.) No timely answer was filed by those defendants, and the Court ordered Plaintiffs to show cause why those defendants should not be dismissed. (Doc. 38.) In response, Plaintiffs moved for entry of default. Counsel further advised the Court that his clients were out of the country and that he would be unable to move for default judgment until they returned. (Doc. 40.) To date, Plaintiffs have not moved for default judgment or taken any action against these defendants.

### C. Cohen, Freda, Lopez, and Lu

In April 2016, the Court called Plaintiffs to show cause as to why Defendants Louis and Jane Doe Cohen, Carmine and Jane Doe Freda, Sherri and Jane Doe Lopez, and Michael and Jane Doe Lu should not be dismissed for failure to accomplish service on them. (Doc. 32.) After seeking extension of time to do so, Plaintiffs filed an affidavit in June 2016, indicating that service had been accomplished on these defendants by publication in May 2016. (Doc. 44.) No answer has been filed to date, and as with the other defendants in this action, no other action has been taken by Plaintiffs.

## II. Dismissal

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff

fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The district court also has the inherent power to dismiss a case *sua sponte* for failure to prosecute, for failure to comply with court orders, or for failure to follow the local rules. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) (recognizing that even though the language of Rule 41(b) requires a motion, the district court has *sua sponte* power to dismiss for failure to prosecute); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to comply with local rules is a proper ground for dismissal); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (a district court may dismiss an action for failure to comply with an order of the court); *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir. 1990). In determining whether dismissal is appropriate, the Court weighs "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali,* 46 F.3d at 53 (citation omitted).

Having considered the five factors here, the Court concludes that dismissal is warranted. While public policy favors disposition of cases on their merits, *see Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), this factor is outweighed by Plaintiffs' repeated failure to prosecute this action in any meaningful and timely manner, compounded by their noncompliance with the Court's Orders. This case remains indefinitely stalled, and Plaintiffs' ongoing inaction demonstrates that dismissal is warranted; undertaking any lesser measure would be unavailing. The Court declines to take further steps to prompt Plaintiffs into taking some piecemeal action. *See Link*, 370 U.S. at 629-30 (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Moneymaker v. CoBen* (*In re Eisen*), 31 F.3d 1447, 1452 (9th Cir. 1994) ("the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure") (internal quotation omitted). While dismissal itself is a drastic sanction, *see*

*Ferdik*, 963 F.2d at 1260, dismissal without prejudice is available and appropriate in this case. Accordingly,

**IT IS ORDERED** that this action is **dismissed without prejudice** for failure to prosecute and comply with the Court's Orders.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action.

Dated this 18th day of July, 2016.

Honorable Steven P. Logan
United States District Judge